|  |  |
|---|---|
| MICHAEL ALAN DEAN HILL, | Case No. 2:25-cv-0748-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| JONATHAN ESLICK, *et al.*, | |
| Defendants. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a pretrial detainee proceeding pro se, alleges in his complaint that defendants Jonathan Eslick, Dennis Cemo, Kyle Danielson, Balderas, Tinker, Garrett Even, Brandon Bell, Ruby Verdin Bell, all correctional officers at El Dorado County Jail, violated his Fourteenth Amendment right not to be subjected to excessive force.[1]  ECF No. 9.  Plaintiff fails to state cognizable claims against some defendants but does state potentially colorable Fourteenth Amendment claims against defendants Even, Bell, Verdin-Hernandez, and Eslick.  Plaintiff may, if he chooses, file an amended complaint that addresses the deficiencies noted herein, or proceed

---

[1] Plaintiff lists a defendant Ruby Verdin Bell in the section for defendants, but throughout the complaint, references a Ruby Verdin Hernandez.  *See* ECF No. 1 at 4, 6.  Should plaintiff choose to amend his complaint, he should clarify this particular defendant's name.

1

only on the Fourteenth Amendment claims against defendants Even, Bell, Verdin Bell, and Eslick. I will grant plaintiff's application to proceed *in forma pauperis*. ECF No. 7.

## Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## Analysis

The complaint purports to bring claims under the Fourteenth Amendment, 18 U.S.C. §§ 1512, 1513, and "harassment and retaliation." ECF No. 1 at 3. Plaintiff alleges that on

February 11, 2025, a nurse delegated pill distribution to a correctional officer, which plaintiff took issue with because he believes it is unsafe for correctional officers to give out medications. *Id.* at 6-7. Plaintiff was written up for a disciplinary charge related to that event, which he claims was false. *Id.* On February 16, defendant Even came to plaintiff's cell to conduct a cell inspection. *Id.* at 8. Even opened plaintiff's food door and ordered him to prepare for being handcuffed. *Id.* Plaintiff is not normally asked to cuff up, so he asked Even why he needed to be handcuffed. *Id.* at 9. Even did not answer plaintiff, and instead tackled plaintiff to the ground, at which point defendants Bell, Verdin-Hernandez, and Cemo jumped on top of plaintiff. *Id.* Bell kneed plaintiff several times, and, once plaintiff was brought to his feet, Bell and Verdin-Hernandez smashed plaintiff into a wall while defendant Eslick put his baton on the back of plaintiff's neck and pushed his head forward. *Id.* at 10. Plaintiff states that following this incident, he has been subjected to sleep deprivation tactics and he has been cut off from filing jail grievances. *Id.* at 12.

As an initial matter, plaintiff cannot assert claims based on 18 U.S.C. §§ 1512 or 1513. *See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) (noting that the Supreme Court is "quite reluctant to infer a private right of action from a criminal prohibition alone"); *Rowland v. Prudential Fin., Inc.*, 362 F. App'x 596 (9th Cir. 2010) (affirming dismissal of 18 U.S.C. § 1512 claims "because those statutes do not provide a private right of action"); *Thomas v. Bryant*, No. C09-5189-RBL, 2009 WL 2473662, at *2 (W.D. Wash. Aug. 7, 2009) (finding no private right of action under 18 U.S.C. §§ 1512 and 1513).

Plaintiff's claim that the disciplinary report filed against him was false also fails to state a claim. The filing of a false disciplinary report by a prison official against a prisoner is not a per se violation of the prisoner's constitutional rights. *See Muhammad v. Rubia*, No. C08-3209 JSW PR, 2010 WL 1260425, at *3 (N.D. Cal. Mar. 29, 2010) ("[A] prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983.") (internal citation omitted)), aff'd 453 F. App'x 751 (9th Cir. 2011); *Harper v. Costa*,

No. CIVS07-2149-LKK-DAD (P), 2009 WL 1684599, at *2-3 (E.D. Cal. June 16, 2009) ("Although the Ninth Circuit has not directly addressed this issue in a published opinion, district courts throughout California . . . have determined that a prisoner's allegation that prison officials issued a false disciplinary charge against him fails to state a cognizable claim for relief under § 1983."), *aff'd* 393 F. App'x 488 (9th Cir. 2010).  Thus, even assuming that the disciplinary report was false, it does not state a standalone constitutional claim.  *Canovas v. California Dep't. of Corrections*, 2:14-cv-2004-KJN (P), 2014 WL 5699750, n.2 (E.D. Cal. 2014).

Next, plaintiff does not assert that defendants Kyle Danielson, Balderas, or Tinker participated in the altercation that occurred on February 16.  While plaintiff alleges that defendant Tinker was at his cell that day, he does not allege that Tinker was one of the correctional officers that took him to the ground or injured him.  Therefore, the complaint fails to state a claim against these defendants.

However, plaintiff potentially states a Fourteenth Amendment claim against defendants Bell, Verdin-Hernandez, Cemo, and Eslick.  The Fourteenth Amendment's protection for pretrial detainees prohibits "excessive force that amounts to punishment."  *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).  "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."  *Id.* at 396-97.  Plaintiff alleges that Bell, Verdin-Hernandez, Cemo, and Eslick used unreasonable force against him.

Plaintiff may either notify the court that he wishes to proceed on his cognizable Fourteenth Amendment claims against defendants Bell, Verdin-Hernandez, Cemo, and Eslick, in which case I will direct service, or he may elect to amend his complaint.  If plaintiff amends his complaint, I will delay serving any defendant and will screen his amended complaint in due course.  Plaintiff is reminded that any amended complaint will supersede the current complaint.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is granted.

4

2. Within thirty days from the service of this order, plaintiff must indicate his intent to proceed only with his Fourteenth Amendment claims against defendants Bell, Verdin-Hernandez, Cemo, and Eslick, or he must file an amended complaint. If he selects the latter, no defendants will be served until the new complaint is screened.

3. The Clerk of Court shall send plaintiff a § 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   June 2, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE