UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN ESLICK, *et al.*,<br><br>Defendants. | Case No. 2:25-cv-0748-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a county inmate proceeding pro se, has filed a motion seeking injunctive relief in the form of a court order changing his prison classification status from high risk to regular. ECF No. 17. For the reasons described below, I recommend that the motion be denied.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners," and must not "allow constitutional

1

violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, which applies here, injunctive relief must be narrowly drawn and must be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

Plaintiff's motion should be denied because he has failed to address the *Winter* factors. *See Winter*, 555 U.S. at 20. ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Denial would be appropriate anyway, however, since plaintiff asks this court to change his classification status. Courts will not unreasonably interfere with prison operations. *See Turner v. Safley*, 482 U.S. 78, 884-85 (1987); *Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (admonishing federal courts to avoid "becom[ing] increasingly enmeshed in the minutiae of prison operations"); *Wylie v. Montana Women's Prison*, 2014 WL 6685983, at *3 (D. Mont. Nov. 25, 2014) (denying

1    preliminary injunction and declining to "interfere with day-to-day prison administrative
2    decisions"). Further, plaintiff asks for relief that is divorced from the claims in the complaint.
3    *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015)
4    ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court
5    does not have the authority to issue an injunction."). Plaintiff brings this action for violation of
6    his Fourteenth Amendment rights when defendants used excessive force against him. There is no
7    obvious connection between the use of excessive force and plaintiff's classification status.

8        Plaintiff has failed to meet the especially high burden necessary for an *ex parte* temporary
9    restraining order. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir.
10   2006) (noting that a temporary restraining order may issue ex parte only if it clearly appears that
11   immediate and irreparable harm will occur in its absence and emphasizing that "our entire
12   jurisprudence runs counter to the notion of court action taken before reasonable notice and an
13   opportunity to be heard has been granted to both sides of a dispute"). Accordingly, I recommend
14   that the motion be denied.

15       Accordingly, it is hereby ORDERED that the Clerk of Court assign a district judge to this
16   action.

17       Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief,
18   ECF No. 17, be DENIED.

19       These findings and recommendations are submitted to the United States District Judge
20   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
21   service of these findings and recommendations, any party may file written objections with the
22   court and serve a copy on all parties. Any such document should be captioned "Objections to
23   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
24   within fourteen days of service of the objections. The parties are advised that failure to file
25   objections within the specified time may waive the right to appeal the District Court's order. *See*
26   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.
27   1991).

28

IT IS SO ORDERED.

Dated:   September 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE