UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

JONATHAN ESLICK, *et al.*,

Defendants.

Case No. 2:25-cv-0748-DAD-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff, a county inmate proceeding pro se, has filed a second motion seeking injunctive relief in the form of a court order that he be housed in a sanitary cell. ECF No. 19. Plaintiff has also filed a request to be transferred to the Sacramento County Jail, which I will construe as a request for injunctive relief. ECF No. 20. For the reasons described below, I recommend that both motions be denied.

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right"). Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners," and must not "allow constitutional

violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of injunctive relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.* The public interest mostly concerns the injunction's impact on nonparties. *Id.* (citation omitted). Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).

Where a plaintiff seeks a mandatory injunction, rather than a prohibitory injunction, injunctive relief is "subject to a higher standard" and is "permissible when 'extreme or very serious damage will result' that is not 'capable of compensation in damages,' and the merits of the case are not 'doubtful.'" *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017) (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 879 (9th Cir. 2009)). Further, under the Prison Litigation Reform Act, which applies here, injunctive relief must be narrowly drawn and must be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2); *see Gilmore v. People of the State of Cal.*, 220 F.3d 987, 999 (9th Cir. 2000).

As I explained to plaintiff in my previous ruling on his motion for injunctive relief, he must address the *Winter* factors. Plaintiff has again failed to do so, and the motions could be denied for that reason alone. *See Winter*, 555 U.S. at 20. ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

However, as with plaintiff's previous motion, I find that denial would be appropriate irrespective of plaintiff's failure to address the *Winter* factors. In the first motion, plaintiff argues that each cell he has been assigned to at the El Dorado County Jail has been unsanitary, and the conditions have led to him contracting staph infections nine separate times. ECF No. 19 at 1-2.

In the second motion, plaintiff contends that he cannot remain at the Jail because several defendants work there and have retaliated against him. ECF No. 20 at 1. Plaintiff does not explain how defendants have retaliated against him, but he states that he has a "very rational fear something bad will happen to [him] while in the custody of the El Dorado County Jail." *Id.* at 2. Plaintiff also asks that he be placed in witness protection because he is a federal witness. *Id.* at 1-2. Finally, he asks that this court order his transfer to Sacramento County Jail. *Id.* at 1.

Plaintiff's complaint seeks relief arising from defendants' use of excessive force against him. ECF No. 1. But here, plaintiff seeks relief premised on the condition of his cell and his wish to be transferred between institutions. Because plaintiff's requested relief is disconnected from the claims in his complaint, plaintiff's motions should be denied. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). Further, as I explained previously, courts will not unreasonably interfere with prison operations, which appears to be what plaintiff seeks. *See Turner v. Safley*, 482 U.S. 78, 884-85 (1987); *Bell v. Wolfish*, 441 U.S. 520, 562 (1979) (admonishing federal courts to avoid "becom[ing] increasingly enmeshed in the minutiae of prison operations"); *Wylie v. Montana Women's Prison*, 2014 WL 6685983, at *3 (D. Mont. Nov. 25, 2014) (denying preliminary injunction and declining to "interfere with day-to-day prison administrative decisions").

Similar to his previous motion, plaintiff has failed to meet the especially high burden necessary for an ex parte temporary restraining order. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (noting that a temporary restraining order may issue ex parte only if it clearly appears that immediate and irreparable harm will occur in its absence and emphasizing that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute"). Accordingly, I recommend that the motions be denied.

Accordingly, it is RECOMMENDED that plaintiff's motions for preliminary injunctive relief, ECF Nos. 19 & 20, be DENIED.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE