1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL ALAN DEAN HILL,                    Case No.  2:25-cv-0748-DAD-JDP (P)

12                  Plaintiff,

13          v.                                   ORDER; FINDINGS AND
                                                 RECOMMENDATIONS
14   ESLICK, *et al.*,

15                  Defendants.

16

17

18          Plaintiff, a detainee in the El Dorado County Jail, filed this section 1983 action alleging

19   that defendants violated his Fourteenth Amendment rights when they subjected him to excessive

20   force.  Pending are his motions for a temporary restraining order, ECF No. 31, for discovery, ECF

21   No. 32, and motion for the appointment of a private investigator, ECF No. 35.  I will deny the

22   latter two motions and recommend that the first be denied.

23                        **Motion for Temporary Restraining Order**

24          Plaintiff's request for a temporary restraining order should be denied for two reasons.

25   First, it fails to request specific, narrowly tailored relief.  In his motion, plaintiff alleges that

26   defendants have interfered with preparation he has undertaken to litigate this case.  First, he

27   alleges that they have blocked electronic communications from his brother, who has tried to send

28

                                                    1

1   him witness addresses.  ECF No. 31 at 1.  He also claims that defendants have interfered with or

2   limited his access to legal mail in some unspecified way.  *Id.* at 1-2.  Finally, he alleges that

3   defendants have denied him copies of unspecified documents necessary to show that he has been

4   harassed and retaliated against.  *Id.* at 3.  Nowhere in his motion, however, does plaintiff

5   explicitly state what relief he seeks.  He requests only that the court "notify defendants that

6   attempts to interfere with [his] preparation is unlawful . . . ."  *Id.* at 1.  Elsewhere, he characterizes

7   this relief as a "cease and desist."  *Id.* at 2.  This request should be denied because it does not

8   request any specific relief that the court might direct and enforce.  There are innumerable acts that

9   defendants or their agents might undertake that would frustrate plaintiff's efforts to litigate his

10  case.  Some of these, like curtailing his access to electronic messages from the outside world,

11  might be reasonably related to goals of institutional security.  Others, like interfering with

12  plaintiff's legal mail, amount—if true—to violations of his rights.  A carte blanche order that

13  defendants cannot take any action that interferes with plaintiff's litigation would be overbroad

14  and inappropriate.  *See Maramag v. Wash. Mut. Bank, F.A.*, No. C 12-2156 PJH, 2012 U.S. Dist.

15  LEXIS 131073, at * 4 (N.D. Cal. Sept. 13, 2012) (stating that motion for temporary restraining

16  order was inadequate where "the court [could] not determine the nature of the specific relief

17  sought by plaintiffs").

18          Second, plaintiff has not shown that the factors set forth in *Winter v. Nat. Res. Def.*

19  *Council, Inc.*, 555 U.S. 7, 20 (2008), have been satisfied.  To obtain preliminary injunctive relief,

20  plaintiff must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer

21  irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his

22  favor, and (4) that an injunction is in the public interest.  *Id.*  He has not addressed these factors,

23  and no preliminary injunctive relief may issue until he does.

24          The motion should be denied.

                                    **Motion for Discovery**

26          Plaintiff's motion for discovery asks that the parties "move to discovery" because he

27  believes that defendants will destroy evidence necessary to prove his claims.  ECF No. 32 at 1-2.

28  He offers no evidence, however, that defendants will destroy or tamper with evidence.

1    Additionally, there is a scheduling order that has already set a schedule for discovery, ECF No.

2    29, thus there is no need for further discovery scheduling at this time.  The motion is denied.

3                            **Motion for an Appointed Investigator**

4           Plaintiff's motion asks that the court to appoint investigator Tim Kimball to assist plaintiff

5    with gathering witness statements, locating witnesses, collecting affidavits and evidence, and

6    more.  ECF No. 35.  The expenditure of public funds on behalf of a pro se litigant is proper only

7    when authorized by Congress.  *See United States v. MacCollom*, 426 U.S. 317, 321 (1976);

8    *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).  Plaintiff has not shown any Congressional

9    authority for the court to pay for an investigator for him.

10                                    **Conclusion**

11          Accordingly, it is ORDERED that plaintiff's motion for discovery, ECF No. 32, and

12   motion for the appointment of an investigator, ECF No. 35, are DENIED.

13          Further, it is RECOMMENDED that plaintiff's motion for temporary restraining order,

14   ECF No. 31, be DENIED.

15          These findings and recommendations are submitted to the United States District Judge

16   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of

17   service of these findings and recommendations, any party may file written objections with the

18   court and serve a copy on all parties.  Any such document should be captioned "Objections to

19   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

20   within fourteen days of service of the objections.  The parties are advised that failure to file

21   objections within the specified time may waive the right to appeal the District Court's order.  *See*

22   *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

23   1991).

24

25   IT IS SO ORDERED.

26

27   Dated:    December 10, 2025

     JEREMY D. PETERSON
     UNITED STATES MAGISTRATE JUDGE

28

3