UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL ALAN DEAN HILL,

Plaintiff,

v.

JONATHAN ESLICK, *et al.*,

Defendants.

Case No.  2:25-cv-0748-DAD-JDP (P)

ORDER

Plaintiff alleges that defendants violated his Fourteenth Amendment rights by subjecting him to excessive force while he was in the El Dorado County Jail.  Pending are several motions. Plaintiff has filed a motion for private investigator, ECF No. 27, a "request to protect legal rights," ECF No. 37, a request to review defendant Cemo's personnel file, ECF No. 43, and a motion to appoint counsel, ECF No. 46.  These must be denied.  Defendants have filed a motion to compel and for monetary sanctions.  ECF No. 47.  Plaintiff has failed to respond to this motion and, accordingly, I direct him to file a response, in the form of either an opposition or statement of non-opposition, within twenty-one days of this order's entry.  If he fails to do so, I may recommend this action be dismissed for failure to prosecute.

1

Plaintiff's first motion seeks appointment of a private investigator to collect witness statements on his behalf. ECF No. 27. He is not entitled to appointment of a private investigator at government expense, however. If plaintiff can retain such services on his own, he is welcome to do so. His motion is denied.

Plaintiff's second motion, titled "request to protect legal rights," alleges that defendants Eslick and Cemo have directed inmate services not to provide him with access to daily newspapers as a form of harassment. ECF No. 37 at 2-4. These allegations do not relate to the excessive force claims at issue in this suit and must be addressed, if at all, by filing a separate suit. Even though defendants Eslick and Cemo are party to this suit, plaintiff is not entitled to litigate any and all grievances he may have against them. I screened the operative complaint and plaintiff elected to proceed with the claims I found cognizable. No other claims or alleged violations of his rights will be adjudicated. Accordingly, this motion is denied.

Plaintiff's third motion, seeking to review defendant Cemo's personnel file, ECF No. 43, is also denied. Discovery remains open until June 4, 2026, ECF No. 48, and plaintiff may request it from defendants through the discovery process.

Finally, plaintiff's motion to appoint counsel is denied. He argues that he cannot afford to retain one on his own and that his imprisonment impedes his ability to litigate. ECF No. 46 at 1-2. These restrictions are common to most prisoner litigants and the court cannot appoint all of them counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). To date, plaintiff has shown himself capable of litigating this action and the extraordinary circumstances that might favor appointment of counsel are not present.

It is ORDERED that:

1. Plaintiff's motions, ECF Nos. 27, 37, 43, & 46, are DENIED for the reasons stated in this order.

2. Within twenty-one days of this order's entry, plaintiff must file either an opposition or statement of non-opposition to defendants' motion to compel, ECF No. 47. If he fails to do so, I

2

may recommend that this action be dismissed for failure to prosecute.

IT IS SO ORDERED.


Dated:    May 4, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE