UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL, | Case No.  2:25-cv-0748-DAD-JDP (P) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JONATHAN ESLICK, *et al.*, | |
| Defendants. | |

On March 12, 2026, defendants filed a motion to compel discovery responses and for sanctions. ECF No. 47.  When plaintiff did not respond within the deadline, I entered a May 4, 2026 order directing him to file, within twenty-one days an opposition or statement of non-opposition to defendants' motion.  ECF No. 52.  I warned him that failure to do so might result in a recommendation that this action be dismissed for failure to prosecute.  *Id.* at 2-3.  More than twenty-one days have now passed, and plaintiff has failed to respond to my order.  Accordingly, I now recommend that this action be dismissed for failure to prosecute.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal.  *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000); *see* Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the

1

Court of any and all sanctions . . . within the inherent power of the Court.").

A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In recommending that this action be dismissed for failure to comply with court orders, I have considered "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61 (citation omitted).

Plaintiff has failed to respond to my orders directing him to prosecute this action. ECF No. 52. I warned him that failure to respond would result in a recommendation that this action be dismissed. *Id.* at 2-3. The public interest in expeditious resolution, the court's need to manage its docket, and the risk of prejudice to defendants all support imposition of the sanction of dismissal. Lastly, the court's warning to plaintiff that failure to obey court orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424. Plaintiff has had adequate warning that dismissal could result from his noncompliance. I find that the balance of factors weighs in favor of dismissal.

Accordingly, it is RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to comply with court orders and failure to prosecute for the reasons set forth in the May 4, 2026 order. ECF No. 52.

2. Defendants' motion to compel, ECF No. 47, and motion for terminating sanctions, ECF No. 54, be DENIED as moot.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 4, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3