UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALAN DEAN HILL,<br>Plaintiff,<br>v.<br>JONATHAN ESLICK, et al.,<br>Defendants. | No. 2:25-cv-0748 DAD JDP P<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THIS ACTION DUE TO PLAINTIFF'S FAILURE TO PROSECUTE AND TO COMPLY WITH COURT ORDERS, AND DENYING REMAINING MOTIONS AS MOOT<br><br>(Doc. Nos. 47, 54, 55, 56, 59) |

Plaintiff Michael Alan Dean Hill is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 4, 2025, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed without prejudice due to plaintiff's failure to comply with court orders and failure to prosecute. (Doc. No. 55.) Specifically, the magistrate judge explained that when plaintiff failed to respond to defendants' March 12, 2026 motion to compel his discovery responses, the magistrate judge issued an order requiring plaintiff to do so and warning him that his continued failure to respond might result in the dismissal of this action for failure to prosecute. (*Id.* at 1–2.) Nonetheless, plaintiff failed to respond in any way, despite the court's order requiring him to do so. (*Id.*) Upon consideration of the relevant factors identified

by the Ninth Circuit in determining whether dismissal is appropriate under such circumstances, the magistrate judge concluded that dismissal was appropriate under the circumstances of this case and so recommended. (*Id.* at 2.) The magistrate judge also recommended that defendants' motions to compel discovery responses and for imposition of terminating sanctions be denied as moot if the recommendation for dismissal was adopted. (*Id.*)[1]

The pending findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 3.) On July 2, 2026, the court received plaintiff's untimely "response" to the findings and recommendations which the court will consider as his objections. (Doc. No. 58.) On July 24, 2026 counsel on behalf of defendants filed a response to plaintiff's objections. (Doc. No. 60.)

Although untimely filed, the court will nonetheless consider plaintiff's objections. Therein, plaintiff repeats his previously made unsupported claim that while he was in custody for a period of time at the El Dorado County Jail his legal mail was interfered with and/or destroyed. (Doc. No. 58.) As defendants correctly point out in their response, plaintiff's untimely objections: (1) fail to address in any way plaintiff's failure to respond to defendants' motion to compel discovery despite the court's subsequent order that he do so; (2) fail to address the fact that plaintiff's purported issue with his legal mail at the El Dorado County Jail was for the limited period of time he was confined at that institution and has no temporal connection to his failure to respond to defendants' motion to compel or the court's order; and (3) do not address that plaintiff's various filings establish his ability to send and receive legal mail or his failure to explain or even address his lack of response to defendants' discovery requests, their motion to compel those responses, or to the court's order requiring him to do so. (Doc. No. 60 at 2.) The court therefore finds that plaintiff's objections provide no basis upon which to reject the magistrate judge's findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the

---

[1] After the pending June 4, 2026 findings and recommendations were issued, plaintiff filed two motions to compel discovery. (Doc. Nos. 56, 59.)

findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on June 4, 2025 (Doc. No. 55) are adopted in full;
2. This action is dismissed due to plaintiff's failure to comply with the court's orders and failure to prosecute;
3. Defendants' motion to compel and motion for terminating sanctions (Doc. Nos. 47, 54) are denied as having been rendered moot by this dismissal order;
4. Plaintiff's subsequently filed motions to compel discovery (Doc. Nos. 56, 59) are also denied as having been rendered moot by this dismissal order; and
5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 19, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE